# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LUZ MEJIA and ALMINDA CHAVARRO,**

                **Plaintiffs,**

**-vs-**                                  **Case No. 6:07-cv-703-Orl-19GJK**

**D&A BUILDING SERVICES, INC.,**

                **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT AMENDED MOTION FOR APPROVAL OF SETTLEMENT AND TO ENTER STIPULATED ORDER APPROVING SETTLEMENT AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 65)** |
| **FILED:** | **August 27, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiffs and Defendant jointly move the Court to approve their settlement agreement (the "Agreement") of Plaintiffs' claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice (the "Motion"). Doc. No. 65.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id*. In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

between the plaintiff and his or her counsel, or otherwise. *Id.* Furthermore, to establish the reasonableness of the fees and costs to be paid counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 5, 19, 44, 45, 62, 65. Each party was represented by independent counsel who were obligated to vigorously represent their clients. *Id*. The parties agreed to settle Plaintiffs' claims for unpaid overtime wages in exchange for a release of all claims as follows:

1. Luz Mejia – claimed $4,621.51 exclusive of liquidated damages and will receive $5,375.00;

2. Alminda Chavarro – claimed $1,462.76 exclusive of liquidated damages and will receive $2,080.00;

3. Jairo Delgado – claimed $135.80 exclusive of liquidated damages and will receive $332.50;

4. Marilyn Padilla Portela – claimed $423.50 exclusive of liquidated damages and will receive $775.00; and

5. Marilyn Portela – claimed $3,419.11 exclusive of liquidated damages and will receive $5,228.00.

Doc. No. 65 at 4-5. Defendant also agreed to pay $3,196.90 for *each* Plaintiff's attorney's fees, for a total sum of $15,984.50 in attorney's fees. *Id.*, Doc. No. 65-7, ¶8. Plaintiff incurred costs in the amount of $471.79, and Defendant has agreed to pay costs in the amount of $422.79. Doc. No. 65-7, ¶15. In the Motion, Plaintiffs state that they agreed to compromise their claims after reviewing the Defendant's payroll records and the Answer and Affirmative Defenses. Doc. No. 65 at 6-7.

Attached to the Motion are counsel for Plaintiffs' sworn affidavit regarding the precise final distribution of all settlement funds and a detailed time sheet showing all hours expended on the case and the person who performed the work. Doc. Nos. 65-7, 65-8.

Lead counsel for Plaintiffs, K.E. Pantas, states that he expended 43.6 hours of attorney time on the case at a rate of $300.00 per hour and his paralegals expended 36.8 hours of work on the case at a rate of $95.00 per hour. Doc. No. 65-7.[2] Based on counsel's calculations, the total attorneys' fees incurred total $16,576.00. *Id.* In the affidavit, counsel for Plaintiffs states:

> Plaintiffs will receive their overtime wages as stated herein. There is no fee agreement or other agreement between Plaintiffs and Plaintiffs' counsel that could decrease Plaintiffs' recoveries if the Court determines that a reasonable attorney's fee under the [FLSA] is less than the amount contemplated in the proposed settlement agreements.

*Id.* at ¶13.

The undersigned recommends that the Court find the rates requested in this case is reasonable. After reviewing the detailed time sheet, the undersigned recommends that Court find

---

[2] In his affidavit, counsel states that he has previously been awarded a reasonable hourly rate of $300.00 in similar cases within the Middle District of Florida. Doc. No. 65-7, ¶5, 10 (citing *Ochoa v. Alie Bros., Inc.*, 2007 WL 3334332 (M.D. Fla. 2007); *Mavis Coes v. World Wide Revival, Inc., et al.*, Case No. 6:05-cv-563-Orl-DAB). Similarly, the undersigned has previously determined in a similar FLSA case that a reasonable hourly rate for paralegals with similar experience is $95.00 per hour. *See Celaya v. Stickle*, Case No. 6:08-cv-1930-Orl-18GJK, Doc. No. 12 (M.D. Fla. April 28, 2009).

the amount of time spent on the case is reasonable. The Court also recommends that the Court find the costs claimed in the amount of $422.79, are reasonable. Finally, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiffs' release of all claims and dismissal of the action with prejudice is fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. Grant the Motion (Doc. No. 65) only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 23, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record